ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION IN WHICH YOU ASKED, IN EFFECT:
 DOES THE LEGISLATURE HAVE THE AUTHORITY TO AMEND 22 O.S. 18 (1993), TO PROVIDE AN ADDITIONAL CLASS OF PEOPLE AUTHORIZED TO SEEK EXPUNGEMENT OF THE RECORD OF A FELONY CONVICTION, AND WOULD EXPUNGEMENT REMOVE LIMITATIONS OTHERWISE IMPOSED ON THOSE PERSONS BY REASON OF A CONVICTION?
YOUR QUESTION REFERS TO THE POSSIBILITY OF AN AMENDMENT, THE LANGUAGE OF WHICH IS UNKNOWN. IT IS NOT APPROPRIATE FOR THIS OFFICE TO ASSUME WHAT THE SPECIFIC LANGUAGE OF SUCH AN AMENDMENT WOULD ULTIMATELY BE, AND SO WE CANNOT RENDER AN OPINION PROSPECTIVELY. THUS, THIS LETTER RELATES ONLY TO THE AUTHORITY OF THE LEGISLATURE TO AMEND A STATUTE. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE ANALYSIS AND CONCLUSIONS WHICH FOLLOW, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE ASKED.
THE LEGISLATIVE AUTHORITY OF THE STATE OF OKLAHOMA IS VESTED IN THE LEGISLATURE. OKLA. CONST. ARTICLE V, SECTION 1. THEREUNDER, THE AUTHORITY OF THE LEGISLATURE EXTENDS TO ALL RIGHTFUL SUBJECTS OF LEGISLATION NOT WITHDRAWN BY THE CONSTITUTION OR IN CONFLICT THEREWITH. DOBBS V. BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY, 257 P.2D 802 (OKLA.1955). WHATEVER THE LEGISLATURE MAY DO BY STATUTE, IT MAY MODIFY BY STATUTE. COLPITT V. HERRINGTON, 519 P.2D 553 (OKLA.1974). TO THIS END, THE LEGISLATURE MAY, IN THE EXERCISE OF ITS POLICE POWER, DEFINE AND DECLARE WHAT IS INJURIOUS TO THE PUBLIC HEALTH, SAFETY AND WELFARE. ONE CHICAGO COIN'S PLAY BOY MARBLE BD.. NO. 19771 V. STATE EX REL. ADAMS, 212 P.2D 129 (OKLA.1950).
OKLAHOMA LAW PROVIDES FOR THE EXPUNGEMENT OF CERTAIN COURT RECORDS. TITLE 22 O.S. 18, PROVIDES:
 "PERSONS AUTHORIZED TO FILE A MOTION FOR EXPUNGEMENT, AS PROVIDED HEREIN, MUST BE WITHIN ONE OF THE FOLLOWING CATEGORIES:
1. A PERSON HAS BEEN ACQUITTED;
 2. THE PERSON WAS ARRESTED AND NO CHARGES ARE FILED OR CHARGES ARE DISMISSED WITHIN ONE (1) YEAR OF THE ARREST;
 3. THE STATUTE OF LIMITATIONS ON THE OFFENSE HAD EXPIRED AND NO CHARGES WERE FILED; OR
 4. THE PERSON WAS UNDER EIGHTEEN (18) YEARS OF AGE AT THE TIME THE OFFENSE WAS COMMITTED AND THE PERSON HAS RECEIVED A FULL PARDON FOR THE OFFENSE."
FOR PURPOSES OF THIS ACT, "EXPUNGEMENT" SHALL MEAN THE SEALING OF CRIMINAL RECORDS.
THE EFFECT OF EXPUNGEMENT IS PROVIDED FOR IN 22 O.S. 19 (1991), WHICH PROVIDES, IN PART:
 "D. UPON THE ENTRY OF AN ORDER TO SEAL THE RECORDS OR ANY PART THEREOF, THE SUBJECT OFFICIAL ACTIONS SHALL BE DEEMED NEVER TO HAVE OCCURRED, AND THE PERSON IN INTEREST AND ALL CRIMINAL JUSTICE AGENCIES MAY PROPERLY REPLY, UPON INQUIRY IN THE MATTER, THAT NO SUCH RECORDS EXIST WITH RESPECT TO SUCH PERSON."
AS YOU HAVE NOTED IN YOUR LETTER, AT PRESENT THERE ARE A NUMBER OF RESTRICTIONS PLACED BY LAW UPON PERSONS CONVICTED OF FELONIES IN THIS STATE. FOR EXAMPLE, AMONG OTHER THINGS, CONVICTED FELONS MAY NOT SIT FOR EXAMINATION TO PRACTICE MEDICINE (59 O.S. 493) MAY NOT POSSESS CERTAIN FIREARMS (21 O.S. 1283 (1993)), OR OCCUPY THE OFFICE OF COUNTY SHERIFF (A.G. OPIN. NO. 84-101). IN GENERAL, THESE LIMITATIONS ARE STATUTORY IN NATURE, HAVING BEEN CREATED BY THE LEGISLATURE. THEREFORE, IT IS WITHIN THE PROVINCE OF THE LEGISLATURE TO AMEND THE TERMS AND CONDITIONS OF THESE LIMITATIONS ON CONVICTED FELONS. SEE COLPITT AT P. 555.
NOTE: AS WAS NOTED IN A. G. OPIN. NO. 84-101, THE REMOVAL OF A STATE LIMITATION AGAINST A CONVICTED FELON POSSESSING A CERTAIN FIREARMS WOULD NOT REMOVE A FEDERAL PROHIBITION. THIS OPINION DOES NOT TAKE INTO ACCOUNT THAT OR OTHER FEDERAL LIMITATION ON FELONY CONVICTIONS.
THE EFFECT OF EXPUNGEMENT UPON A CONVICTION IS NOT ENTIRELY WITHIN THE AMBIT OF LEGISLATIVE AUTHORITY. A CONVICTION IS THE SOLEMN ACT OF THE JUDICIAL BRANCH OF GOVERNMENT AND IS NOT UNDONE BY A PARDON FROM THE EXECUTIVE BRANCH. KELLOGG V. STATE, 504 P.2D 440 (OKL.CR.1972). BECAUSE OF THE CONSTITUTIONAL REQUIREMENT OF SEPARATION OF POWERS IN OKLAHOMA GOVERNMENT (OKLA. CONST. ARTICLE IV, SECTION 1) IT IS REASONABLE TO ASSUME A SIMILAR LIMITATION AGAINST LEGISLATIVE ACTION ON A CONVICTION. IT THUS IMPORTANT TO NOTE THAT 22 O.S. 18 (1993), MERELY CREATES THE CLASSES OF PEOPLE AUTHORIZED TO SEEK EXPUNGEMENT. EXPUNGEMENT ITSELF REMAINS WITHIN THE DISCRETION OF THE COURT, UPON THE FILING OF A MOTION FOR EXPUNGEMENT BY A PERSON AUTHORIZED TO SEEK IT. BECAUSE THIS DOES NOT ATTEMPT TO PREEMPT JUDICIAL AUTHORITY, IT DOES NOT APPEAR THAT THE ADDITION OF A NEW CLASS OF PEOPLE ABLE TO SEEK EXPUNGEMENT WOULD VIOLATE THE SEPARATION OF POWERS REQUIREMENT OF THE OKLAHOMA CONSTITUTION. SINCE A PERSON WITH AN EXPUNGED RECORD, AND ALSO LAW ENFORCEMENT AGENCIES, MAY CONSIDER AN ACT FOR WHICH THE OFFICIAL RECORDS HAVE BEEN EXPUNGED TO HAVE NEVER OCCURRED, THIS WOULD ARGUABLY REMOVE STATE STATUTORY LIMITATIONS PLACED BY REASON OF THE UNDERLYING CONVICTION.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT THE LEGISLATURE MAY AMEND 22 O.S. 18, TO PROVIDE AN ADDITIONAL CLASS OF PEOPLE AUTHORIZED TO SEEK THE EXPUNGEMENT OF THE RECORD OF A FELONY CONVICTION. JUDICIAL EXPUNGEMENT, IF GRANTED, MAY REMOVE LIMITATIONS OTHERWISE IMPOSED ON A PERSON BY REASON OF A CONVICTION.
(JAMES ROBERT JOHNSON)